J-S30025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD GRAZIANO, | |
| Appellant | No. 955 MDA 2016 |

Appeal from the PCRA Order entered May 18, 2016,
in the Court of Common Pleas of Centre County,
Criminal Division, at No(s): CP-14-CR-0000874-2001.

BEFORE:  SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 27, 2017**

Appellant, Edward Graziano, appeals *pro se* from the May 18, 2016 order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history, as gleaned from our review of the certified record, are as follows:  At the conclusion of a bench trial held on November 28, 2001, Appellant was convicted of seven counts of possessing weapons or implements of escape after correctional officers found such items during a search of his prison cell.  On January 22, 2002, the trial court sentenced Appellant to an aggregate term of one-and-one-half to five years of imprisonment.  The trial court directed that this sentence run consecutively to Appellant's life sentence that was imposed following his conviction for first-degree murder in Philadelphia on September 10, 1993.

*See Commonwealth v. Graziano*, No. 3077 Philadelphia 1993 (Pa. Super. 1995) (unpublished memorandum).

Appellant did not file an appeal. Following the filing of a PCRA petition, however, Appellant's direct appeal rights were reinstated *nunc pro tunc.* Thereafter, Appellant timely appealed; this Court affirmed his judgment of sentence, and on September 8, 2006, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Graziano*, 903 A.2d 45 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 906 A.2d 1196 (Pa. 2006). Appellant did not seek further review.

On May 23, 2007, Appellant *pro se* filed a PCRA petition.[1] The PCRA court appointed counsel, and the Commonwealth filed an answer to the petition. On May 26, 2009, the PCRA Court granted Appellant's motion to withdraw his second petition.

Appellant *pro se* filed another PCRA petition on April 3, 2015. Once again, the PCRA court appointed counsel. On February 10, 2016, PCRA counsel filed a motion to withdraw. Appellant filed a *pro se* response. The PCRA court granted counsel's motion to withdraw on April 14, 2016. On April 19, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Once again, Appellant

---

[1] When a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in a first petition, a subsequent petition for collateral relief is deemed a first petition for timeliness purposes under the PCRA. *See, e.g.*, *Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013).

filed a *pro se* response. By order entered May 18, 2016, the PCRA court dismissed Appellant's petition as untimely. This timely appeal follows. Both the Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

I. [Whether] the [PCRA] court erred in finding Appellant failed to establish PCRA jurisdiction by pleading and proving an exception to [the] PCRA time-bar under 42 Pa.C.S. §9545(b)(1)(i-ii)?

II. [Whether] the [PCRA] court erred or abused its discretion in granting counsel's motion to withdraw as counsel, where the record demonstrated Appellant's claim had merit and factual basis?

III. [Whether] the [PCRA] court erred in ordering Appellant's sentence to run consecutive to a sentence not yet imposed by [the] Court of Common Pleas of Philadelphia County, where [the] conviction in that criminal matter was not finalized through the docketing of a valid signed and sealed written judgment of sentence order?

Appellant's Brief at 4 (excess capitalization omitted).

In order to address Appellant's issues, we must first determine whether the PCRA court correctly determined that Appellant's petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).  Finally, exceptions to the PCRA's time bar must be pleaded in the petition and may

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Appellant's judgment of sentence became final on or about December 7, 2006, when the ninety-day time period for filing a writ of certiorari with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, Appellant had until December 7, 2007, to file a timely PCRA petition. As Appellant filed the instant petition in 2015, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Appellant first claims that he has met the governmental interference exception under Section 9545(b)(1)(i). ***See*** Appellant's Brief at 13. Our review of the record, however, confirms the Commonwealth assertion that Appellant inappropriately is raising this exception for the first time on appeal. Thus, we need not consider it further. ***Burton***, ***supra***.

Appellant also argues that he met the newly discovered facts exception under Section 9545(b)(1)(ii) because he did not discover the lack of a valid sentencing order for his 1992 murder conviction "until February 3, 2015, when the Office of Judicial Records of Philadelphia finally released to [him] [] eleven documents that it falsely represented" as representing his sentencing order. Appellant's Brief at 13-14. According to Appellant, prior to receiving

these documents, he "had no occasion to doubt the accuracy of the Philadelphia Criminal Docket entries representing that a valid sentencing-order was filed on September 10, 1993, in accordance with procedural and substantive rules of law." *Id.* at 14.

When considering a PCRA's petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim is predicated were unknown to him and that he could not have ascertained the facts earlier despite the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015), *aff'd*, --- A.3d --- (Pa. 2017). The determination of timeliness does not require a merits analysis of the underlying claim. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Here, the PCRA court found that Appellant did not demonstrate the exercise of due diligence:

> In the case at bar, [Appellant] contends he discovered on February 12, 2015 [sic] that no sentencing order exists for [his] previous conviction. [Appellant's] letter to the Philadelphia County Court states his sentencing order would have been entered on or about September 10, 1993. In the more than twenty (20) years between [Appellant's] sentencing [in that

case] and the filing of the current PCRA petition, [Appellant] could have, with due diligence, ascertained the existence and location of his sentencing order. The Court finds the newly discovered facts exception to the timeliness requirement does not apply to [Appellant's] PCRA petition.

PCRA Court Opinion, 4/20/16, at 3.

We agree. Appellant did not exercise due diligence. *See Burton*, 121 A.3d at 1071. Accordingly, Appellant did not establish the newly discovered facts exception to the timeliness requirements of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017

- 7 -